IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY FISHER GUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-CV-257-WKW |
| | ) | [WO] |
| PUBLIX SUPER MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 3, 2017, the Magistrate Judge filed a Recommendation that summary judgment be entered in favor of Defendant Publix Super Markets, Inc. ("Publix"). (Doc. # 51.) On May 18, 2017, Plaintiff Mary Fisher Gunter filed objections. (Doc. # 52.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

In her objection, Plaintiff argues that the Magistrate Judge erred in finding that she failed to submit substantial evidence that Publix had constructive notice of the existence of water on the floor of the bathroom where Plaintiff fell. *Hale v. Kroger Ltd. P'ship I*, 28 So. 3d 772, 779 (Ala. Civ. App. 2009) ("A storekeeper is charged with knowledge of a hazard if the evidence shows that the hazard has existed on the premises for such a length of time that a reasonably prudent storekeeper would have discovered and removed it."). Plaintiff argues that Publix should have had

knowledge of the hazard due to the length of time the water was on the floor. Plaintiff's argument fails because Plaintiff cites no evidence indicating how long the water may have been on the floor prior to Plaintiff's fall.

Plaintiff takes issue with the Magistrate Judge's finding that the absence of trash in a trash can in the restroom stall where Plaintiff fell supports an inference that the restroom had recently been cleaned and inspected. Plaintiff argues that the Magistrate Judge's inference violates the tenet that, on a motion for summary judgment, all reasonable inferences must be drawn in the nonmovant's favor. However, the lack of trash in the trash can does not lend itself to a reasonable inference in Plaintiff's favor. Moreover, even without any inference from the lack of trash, the outcome of the summary judgment motion would be the same. As the Magistrate Judge correctly observed, other evidence supported Defendant's contention that the restroom had been cleaned and inspected on schedule and at unscheduled times throughout the day, and no evidence supported Plaintiff's theory that Defendant failed to reasonably inspect the premises.

Plaintiff also takes issue with the Magistrate Judge's reliance on an affidavit submitted by Timothy Monk stating that he cleaned the restroom on schedule no less than an hour and fifteen minutes before Plaintiff's fall. Plaintiff objects to the Magistrate Judge's reliance on the affidavit on grounds that the affidavit could have been false. However, Plaintiff points to no evidence showing that the affidavit was

false or that, even if the affidavit was incorrect, the restroom was not reasonably inspected or maintained prior to Plaintiff's fall.

Accordingly, the Magistrate Judge correctly concluded that Plaintiff failed to provide substantial evidence that Defendant had constructive notice of the water on the floor or that Defendant was negligent in failing to discover the water on the floor.

The court notes that, on summary judgment, Plaintiff argued that she had no burden to demonstrate Defendant's actual or constructive notice of the hazard because the puddle of water was the result of a defect in Defendant's premises. Plaintiff failed to object to the Magistrate Judge's apparent rejection of Plaintiff's argument that she had no burden to establish that Defendant had actual or constructive knowledge of the puddle. However, because the Magistrate Judge's recommendation rests on his finding that Plaintiff failed to meet that burden, the court has considered whether, as a matter of law, Plaintiff was required to meet that burden in this case.

In an Alabama slip-and-fall case, to avoid the burden of producing evidence that a defendant knew or should have known about the defective condition that caused the fall, the plaintiff must make a *prima facie* showing that a defect in the defendant's premises caused the injury. *See Mims v. Jack's Rest.*, 565 So. 2d 609, 610 (Ala. 1990) ("Once a plaintiff has made a *prima facie* showing that a defect in a part of the premises has caused an injury, then the question whether the defendant

had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a *prima facie* showing that the defendant had or should have had notice of the defect at the time of the accident."); *Isbell v. Aztecas Mexican Grill*, 78 So. 3d 420, 425 (Ala. Civ. App. 2011) (holding that, where the plaintiff presented evidence that he was injured when the water-damaged restaurant booth in which he was sitting collapsed, the case was due to go to a jury, despite the lack of evidence that the restaurant knew or should have known about the water damage).

As *prima facie* evidence of a defect in the premises, Plaintiff relies on the testimony of Amanda Wright, who went to the restroom to assist Plaintiff moments after the fall.[1]  Ms. Wright theorized that the puddle of water in which Plaintiff slipped was caused by a defective wax ring under the toilet.[2]  Upon review of Amanda Wright's deposition, the court finds that her testimony does not provide

---

[1] Defendant did not object to the Magistrate Judge's denial of Defendant's motion to strike the testimony of Amanda Wright regarding the origin of the water on the floor.  The court will not *sua sponte* reconsider the Magistrate Judge's ruling on Defendant's motion to strike.  *See* Fed. R. Civ. P. 72(a) (governing a district judge's duty to consider timely objections to nondispositive orders of a magistrate judge and stating that "a party may not assign as error a defect in the [magistrate judge's] order not timely objected to").  Ms. Wright's testimony is considered here only to determine whether the substance of her testimony affects Plaintiff's burden to produce evidence of Defendant's actual or constructive knowledge of the puddle.

[2] For purposes of analysis, the court assumes, without deciding, that injury caused by falling in water from a broken toilet would be classified as an injury caused by a defect in the premises.  In a negligence suit arising from injury that is not caused by a defect in the premises (such as injury from falling in rainwater, water from cleaning, or "substances of unknown origin"), a plaintiff is required to provide evidence that the defendant knew or should have known that the substance was present.  *Wal-Mart Stores, Inc., v. McClinton*, 631 So. 2d 232, 234-35 (Ala. 1993) (quoting *Mims*, 565 So. 2d at 610).

substantial evidence that the puddle in which Plaintiff slipped was the result of a defective wax seal.  After initially testifying that she thought the water was just "toilet water that had backed up or whatever," Ms. Wright testified that she had no specific personal observation of the toilet in question that would support her theory that a wax seal was broken.[3]  (Doc. # 41-2 at 34-36.)  Ms. Wright testified that she was not aware of any evidence suggesting how the water came to be on the floor and that she knew of no one who had personal knowledge regarding the cause of the puddle.  (Doc. # 41-2 at 34-37, 103.)  Ms. Wright also testified that she had no personal knowledge as to how long the water may have been on the floor.  (Doc. # 41-2 at 36-37.)  Ms. Wright agreed that she could not "provide . . . any testimony, to be fair, as to how [the water] came to be on the floor."  (Doc. # 41-2 at 37.)

Ms. Wright did testify that she assumed the water came from the toilet, and specifically the broken seal, because she "did not know anywhere else it would come from," but she also admitted that the water could have come from some unknown source.  (Doc. # 31-2 at 103.)  Under the circumstances, and in light of the lack of any specific factual observation by Ms. Wright supporting her theory that the wax seal was broken, the absence of evidence of another source of water is not sufficient

---

[3] Ms. Wright did testify that a broken wax seal at a toilet in her own home once caused a puddle on her bathroom floor, but she did not testify to any fact about the toilet at issue in this case (other than the mere existence of a puddle on the floor by the toilet where Plaintiff fell) to support her inference that failure of a wax seal caused a puddle in Defendant's restroom.

to establish that the water must have come from a broken wax seal under the toilet.

*Cf. Burlington Coat Factory of Alabama, LLC, v. Butler*, 156 So. 3d 963, 971-72 (Ala. Civ. App. 2014) (holding that a jury is not permitted to speculate as to the cause of an accident, or to infer the existence of a defect in the premises based merely on a lack of evidence to the contrary).

Near the end of Ms. Wright's deposition, Plaintiff's attorney showed her a picture of the toilet in the stall where Plaintiff fell. (Doc. # 41-2 at 89.) Ms. Wright testified, that, in the picture, it appeared that there was a rubber seal around base of the commode and that the rubber seal was broken.[4] (Doc. # 41-2 at 89.) Ms. Wright's testimony about the rubber seal in the picture, even if based on personal observation[5] of the photograph, does not support Plaintiff's and Ms. Wright's theory of a broken *wax* seal between the toilet and the waste line in the floor. (Doc. # 41-2 at 35-37.)

---

[4] Ms. Wright did not testify that the allegedly broken rubber seal in the picture was representative of what she saw on the date of Plaintiff's fall. Ms. Wright also noted that the photographs did not show water leaking on the floor where the rubber seal was allegedly broken. (Doc. # 41-2 at 104.)

[5] "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: . . . rationally based on the witness's perception." Fed. R. Evid. 701(a). To the extent that Ms. Wright's testimony is offered as expert testimony, her testimony still fails to rise to the level of substantial evidence that Plaintiff slipped in water from a broken wax seal. Expert opinion must be based on "sufficient facts or data," Fed. R. Evid. 702(b), but, as discussed in this Memorandum Opinion, Ms. Wright's testimony about the broken wax ring was not based on any specific data or facts about the toilet at the time of Plaintiff's accident or on her observations of the alleged rubber seal in the photograph of the toilet.

In short, Plaintiff failed to supply substantial evidence that the water on the floor was caused by a defective toilet. Accordingly, the Magistrate Judge was correct to conclude that Plaintiff had the burden of establishing that Defendant knew or should have known of the defective condition.

Therefore, it is ORDERED as follows:

1.      Plaintiff Mary Gunter's objection (Doc. # 52) is OVERRULED.

2.      The Recommendation (Doc. # 51) is ADOPTED.

3.      Defendant's motion for summary judgment (Doc. # 34) is GRANTED; and

4.      Judgment is entered in favor of Defendant Publix Super Markets, Inc., and against Plaintiff Mary Gunter on all claims in Plaintiff Mary Gunter's complaint.

A separate final judgment will be entered.

DONE this 11th day of July, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
